# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EDWARD GRIFFIN MELLS, )
)
   Plaintiff, )
)
v. ) CV418-296
)
CHARLES V. LONCON, )
JEREMIAH LYLE JOHNSON, )
)
   Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Edward Griffin Mells brings this 42 U.S.C. § 1983 action against the attorneys involved in his state prosecution. Doc. 1. The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 6 & 7. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Liberally construed, Mells contends he was wrongfully arrested. *See* doc. 8 at 1-3 ("Affidavit of Truth" setting forth largely unintelligible allegations that, at bottom, appear to allege that officers pulled him over, had him exit the vehicle and placed him in restraints, arrested him, and towed his vehicle). He also claims that he was deprived of due process because his preliminary hearing was waived without his consent. Doc. 1 at 5. The rest of his allegations are nonsense peppered with fantastical language, alleging his rights have been violated because (unedited and in full)

> The booking officer who caused a molder to fabriate cast otherwise make a die mold form or pattern. On July 20, 2018 upon my entry the molder, individual who made the form of my pattern through form of manufacture assemble. You product making my real property the customer and there by placing an attachment to my personal property/real property on this day.
>
> Mells Edward Griffin / is not my name, using a artificial entity connecting my real property/personal property to a corporate fiction and exercising the rights of a title holder as a molder in the absence of any agreement which by decite and fraud this was done by corecion of it being a fact that the real property be submitted upon entry into the detention center. My real property was unable to know placed in conditions of mandatory servitudes in a lockdown unit by a binding effect of a unknown contract that was not explianed through clear communication by its construction designed to decive and do immoral things thereby stripping my common law rights which are effective forcing me into a unknown contract which the state is not bound by the passage of law unless it is named therein or unless the word of the law are so plain clear and

> unmistakeable as to leave no doubt as to the intention of which goes on in reference to a birth certificate my real property/personal property common law trade mark was registered and put into vital records and by its registrey the marks patterns were kept there.
>
> On July 19, 2018 reproduction of counterfeit copy or colorable initution of my registered marks was formed which is likely to cause confusion between my personal property and the corporate ficiticition artificial persons. Which on July 19, 2018 by the flase misleading discription of fact by misleading acts by the molder of my real property patterns at the Chatham County Dentention Cneter decived and impose a connection to Mells, Edward Griffin, to service commercial which did happen. My real property is still being held for the corporate fiction and false information given and counterfeit copys made to hold the fiction attached to my real property. Which caused injury to my real property/personal property.

Doc. 8 at 3-4.

Such gobbledygook approaches (if not exceeds) "the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). That suggests it should be dismissed on frivolity grounds. *See* 28 U.S.C. § 1915A(b)(1). To the extent that it is comprehensible, it bears all the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves.[2] *See, e.g., United States v. Sterling*, 738 F.3d

---

[2] Mells creates a strange, mystical distinction between his "real property/personal property" and "corporate fiction" entities, apparently his physical being and legal name. *See* docs. 1 & 8. Sovereign citizens tend to have two identities, a real private

228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015). Given the absolute frivolity of Mells' filings, his case should be **DISMISSED**. *See* 28 U.S.C. 1915(e)(2) (requiring dismissal "at any time if the court determines that," *inter* alia, the action is frivolous); *see also* 28 U.S.C. § 1915A(b). It goes without saying that such frivolous allegations

---

individual and a fictional public person. Jessica K. Phillips, Article, *Not All Pro See Litigants are Created Equally: Examing the Need for New Pro Se Litigant Classifications through the Lens of the Sovereign Citizen Movement*, 29 GEO. J. LEGAL ETHICS 1221, 1226 (2016) (describing the "strawman"/redemption theory held by sovereign citizens); *Monroe v. Beard*, 536 F.3d 198, 203 (3d Cir. 2008) (same). Such sovereign citizen claptrap has been rejected over and over.

4

also fail to state a claim upon which relief may be granted.

The sole comprehensible gravamen of plaintiff's Complaint is that he was not afforded a preliminary hearing, in violation of his due process and equal protection rights. Doc. 1 at 5; *see Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) ("persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause."), cited in *Brown v. Eastern Judicial Circuit of Savannah*, 2012 WL 426224 at *1 (S.D. Ga. Feb. 9, 2012) (noting defendants are "entitled to a prompt judicial determination of probable cause as a prerequisite to any extended restraint of [their] liberty.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]" *West v. Atkins*, 487 U.S. 42, 48 (1988) (cites omitted). There is, however, no federal constitutional right to a preliminary hearing. *Harris v. Estelle*, 487 F.2d 1293, 1296 (5th Cir. 1973), cited in *Smith v. Wright*, 2009 WL 210494 at *1 (S.D. Ga. Jan. 23, 2009). Thus, any claim that Mells is entitled to damages (or the dismissal of charges) because he did not receive

a preliminary hearing fails as a matter of law and should be **DISMISSED**.[3]

Additionally, to the extent he waves at a premature claim of malicious prosecution, his Complaint should be **DISMISSED** for failing to state a claim. *See Wallace v. Kato*, 549 U.S. 384, 389 & 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process."); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (identifying "malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983.").[4] An essential element of a malicious prosecution claim is the

---

[3]  Put differently, Mells does not contend he was deprived of the *right* to a probable cause hearing. He contends instead that his scheduled preliminary hearing was waived, without his consent, by counsel. Doc. 1 at 5. "In other words, it is his attorney's own ineffectiveness that [he] challenges, not some flawed judicial process or practice or some police officer's failure to bring him before a judge for a prompt determination of probable cause." *Brown*, 2012 WL 426624 at * 1; *Jenkins v. Ferrero*, 2017 WL 4106072 at *2 (S.D. Ga. Sept. 15, 2017). As noted *infra*, however, § 1983 affords no remedy against defense counsel. Should Mells seek to bring a legal malpractice claim against his retained counsel, such a claim is governed by state law and must be brought in state court. *See e.g., Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (federal law does not provide a cause of action for legal malpractice); *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 825 (11th Cir. 1982) (federal courts lack jurisdiction over a legal malpractice under state law because diversity is lacking and the claim does not present a federal question).

[4]  The Court has an obligation to liberally construe *pro se* pleadings. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). It also has an obligation to take a Complaint's allegations as true, at the screening stage. *See supra* n. 1. Abiding

6

termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. There can be no allegation, however, that the Chatham County criminal case has been resolved in Mells' favor. No acquittal or dismissal of charges has been filed by the Government; indeed, Mells faces charges of felony obstruction of an officer, possession of Schedule II substances, and possession of a firearm, among others. *See State v. Mells*, CR18-01759 (Chatham Super. Ct.). *Id.*; *see also* doc. 1 at 6 (asking that the charges against him be dismissed).

---

by those obligations, if not stretching them past their breaking point, plaintiff's Complaint also implicates false arrest or false imprisonment, constitutional torts which afford a remedy for detention without legal process. *See Wallace*, 549 U.S. at 389 (a false arrest claim based on a warrantless arrest is "a species" of a false imprisonment claim). "A warrantless arrest without probable cause violates the Fourth Amendment and forms the basis for a section 1983 claim," *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (cite omitted), and "[a] detention on the basis of a false arrest presents a viable section 1983 action" for false imprisonment. *Id.* at 1526.

In a case of continuing detention (as here), however, "false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389-90; *see State v. Mells*, CR18-01759 (Chatham Super. Ct.); doc. 1 at 5 (complaining that he was "bounded up to superior court" without his consent). Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390. In other words, the torts of malicious prosecution and false imprisonment are distinct, and the former supplants the latter after legal process is initiated.

Moreover, district attorneys are immune from § 1983 liability where their alleged malfeasance stemmed entirely from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent). And defense counsel, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Pearson v. Myles*, 186 F. App'x 865, 865 (11th Cir. 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."), *cited in Robinson v. Bernie*, 2007 WL 80870 at *1 (S.D. Ga.

Jan. 8, 2007). Simply put, even had Mells named a viable defendant, he cannot state a claim for damages until his (hypothetical, future) conviction is overturned.[5]

Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days affords him an opportunity to resuscitate them. He may submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the

---

[5] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

In sum, Mells' Complaint should be **DISMISSED** as it is both frivolous and fails to state a claim against any defendant subject to § 1983 liability. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $30.52 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes an initial partial filing fee of $6.10. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $6.10 to the Clerk of Court and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[6]

---

[6] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA